IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

ESTATE OF AUDRECAS D. DAVIS,                    :
BY JIMMY DAVIS AND ANNIE DAVIS,                 :
CO- ADMINISTRATORS; and                         :
JANIYA DAVIS AND JUQUAN GAINES,                 :
MINORS, BY AND THROUGH THEIR                    :
PARENT AND CONSERVATOR, KELLY GAINES,           :

       PLAINTIFFS.                              :

       VS.                                      :     CIVIL ACTION

DEKALB COUNTY, A POLITICAL SUBDIVISION          :
OF THE STATE OF GEORGIA; and                    :     FILE NO.: <u>11A-35756-3</u>
DEKALB COUNTY POLICE OFFICERS:                  :
POLICE CHIEF FRANK KLIESRATH,                   :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
SGT. BERNARD GAILES,                            :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
OFFICER CHRISTOPHER POYTHRESS,                  :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
OFFICER KEITH CINTRON,                          :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
OFFICER ADAM GIBSON,                            :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
OFFICER MARINA BAILEY,                          :
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;      :
OFFICER KEVIN JONES,                            :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;      :
OFFICER CHRISTOPHER DELON,                      :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,      :
OFFICER TONDA LINSEY, INDIVIDUALLY              :

       DEFENDANTS.                              :

<u>**SUPPLEMENTAL AND AMENDED**</u>
<u>**COMPLAINT FOR WRONGFUL DEATH,**</u>
<u>**PERSONAL INJURIES,**</u>
<u>**VIOLATION OF CONSTITUTIONAL RIGHTS,**</u>
<u>**FUNERAL EXPENSES,**</u>
<u>**AND PUNITIVE DAMAGES**</u>

**COME NOW** Plaintiffs, Estate of Audrecas D. Davis, by Jimmy Davis and Annie Davis, Co-Administrators, and Janiya Davis and Juquan Gaines, minors, by and through their Parent and Conservator, Kelly Gaines, and file this, their Supplemental and Amended Complaint against the above named Defendants, as follows:

## The Parties

(1)

DeKalb County is a Political Subdivision of the State of Georgia.  DeKalb County may be served by serving it's Chief Executive Officer, Burrell Ellis, at 330 West Ponce de Leon Avenue, Clark Harrison Building, 6th Floor, Decatur, Georgia 30030.  DeKalb County is subject to the jurisdiction of this Court.

(2)

Chief Frank Kliesrath, Individually and in his Official Capacity, is Chief of Police of DeKalb County ("Kliesrath").  Kliesrath may be served at the DeKalb County Police Department.   Kliesrath is subject to the jurisdiction of this Court.

(3)

Sgt. Bernard Gailes, Individually and in his Official Capacity, is a Sergeant of the DeKalb County Police.  ("Gailes").  Gailes may be served at the DeKalb County Police Department.  Gailes is subject to the jurisdiction of this Court.

(4)

Officer Christopher Poythress, Individually and in his Official Capacity, is an officer of the DeKalb County Police.  ("Poythress").  Poythress may be served at the DeKalb County Police Department.  Poythress is subject to the jurisdiction of this Court.

(5)

Officer Keith Cintron, Individually and in his Official Capacity, is an officer of the DeKalb County Police. ("Cintron"). Cintron may be served at the DeKalb County Police Department. Cintron is subject to the jurisdiction of this Court.

(6)

Officer Adam Gibson, Individually and in his Official Capacity, is an officer of the DeKalb County Police. ("Gibson"). Gibson may be served at the DeKalb County Police Department. Gibson is subject to the jurisdiction of this Court.

(7)

Officer Marina Bailey, Individually and in her Official Capacity, is an officer of the DeKalb County Police. ("Bailey"). Bailey may be served at the DeKalb County Police Department. Bailey is subject to the jurisdiction of this Court.

(8)

Officer Kevin Jones, Individually and in his Official Capacity, is an officer of the DeKalb County Police. ("Jones"). Jones may be served at the DeKalb County Police Department. Jones is subject to the jurisdiction of this Court.

(9)

Officer Christopher Delon, Individually and in his Official Capacity, is an officer of the DeKalb County Police. ("Delon"). Delon may be served at the DeKalb County Police Department. Delon is subject to the jurisdiction of this Court.

(9 A)

Officer Tonda Linsey, Individually, is an officer of the DeKalb County Police. ("Linsey"). Linsey may be served at the DeKalb County Police Department. Linsey is subject to the jurisdiction of this Court.

(10)

Janiya Davis and Juquan Gaines are the children of Audrecas D. Davis, deceased. Kelly Gaines is the Parent and Conservator of the minor children, having been duly appointed by the Probate Court of Gwinnett County on March 9, 2011.

(11)

Jimmy Davis is the father of Audrecas D. Davis, deceased, and is the Co-Administrator of the Estate of Audrecas D. Davis, having been duly appointed by the Probate Court of Gwinnett County on March 9, 2011.

(12)

Annie Davis is the mother of Audrecas D. Davis, deceased, and is the Co-Administrator of the Estate of Audrecas D. Davis, having been duly appointed by the Probate Court of Gwinnett County on March 9, 2011.

**The Facts**

(13)

On May 9, 2010, Audrecas D. Davis, deceased, ("Mr. Davis") suffered an irreversible cardiorespiratory arrest after being Tased initially by Officer Cintron upon the order of Chief Kliesrath, and, subsequently, five more times by Officer Poythress, upon the order of Sgt. Gailes. Mr. Davis died as a result shortly thereafter at DeKalb Medical Center.

(14)

At the time of the incident, Mr. Davis was a registered guest at the Budgetel Inn and Suites, 3585 Chamblee Tucker Road, Atlanta, DeKalb County, Georgia 30341. At approximately 1513 hours, 911 was called. It was reported that Mr. Davis was unable to "get up or talk" and "is shaking really bad"; it was unknown if Mr. Davis was having a seizure.

(15)

Emergency rescue service from DeKalb County Fire & Rescue, Unit 19, responded to treat Mr. Davis, who was unresponsive and lying on the floor, snoring, with feces on his bed sheet and tee shirt. He had an off-white dried frothy substance around his mouth and nose area. Upon being awakened, Mr. Davis resisted being restrained to a backboard and taken for treatment. EMS then requested backup from the DeKalb County Police Department.

(16)

Present at the scene were Chief Kliesrath, Officer Cintron, Officer Gibson, Officer Bailey, Officer Jones and Officer Delon. Sgt. Gailes, Officer Poythress and Officer Linsey arrived shortly thereafter. Sgt. Gailes instructed Officer Poythress to shoot Mr. Davis with a Taser, and for no one else to deploy their Taser. Mr. Davis succumbed to being Tased. A paramedic then administered a 5mg dose of Valium. Mr. Davis was subsequently taken to the stretcher, which was positioned just outside the room, by Sgt. Gailes, Officer Gibson and Officer Poythress. Sgt. Gailes, Officer Gibson and Officer Poythress assisted Mr. Davis with sitting on the stretcher. Officer Poythress then placed a handcuff on Mr. Davis' right wrist, at which time Mr. Davis

resisted being hand cuffed and restrained to the stretcher.

(17)

Chief Kliesrath next instructed Officer Cintron to drive the Taser into Mr. Davis again, the second 50,000 volt charge of electric current, which he did.  Mr. Davis was knocked to his knees after being Tased, at which time the officers attempted to hold Mr. Davis down. Sgt. Gailes then instructed Officer Poythress to Taser Mr. Davis again, the third time a 50,000 volt charge of electric current was discharged into Mr. Davis.

(18)

Mr. Davis was again knocked to the ground by the force of the 50,000 volts of electric current from the Taser.  Mr. Davis yelled, "OK, OK".   Nevertheless, Officer Poythress then shot Mr. Davis with a fourth, then a fifth, and then a sixth 50,000 volt electric charge from his Taser.

(19)

While on the ground, Mr. Davis was administered a second 5mg dose of Valium by EMS.  Mr. Davis was placed on the backboard with the assistance of the officers.  Mr. Davis was secured and then placed inside the ambulance.  While being placed in the ambulance, it was noted by EMS that Mr. Davis became unresponsive, but that he still had a heartbeat.  During transport to DeKalb Medical Center, EMS personnel could not find a heartbeat and CPR was initiated.  Upon arrival at DeKalb Medical Center, all attempts at life saving rescue were unsuccessful.  Mr. Davis was pronounced dead at DeKalb Medical Center on May 9, 2010 at 1645 hours by Dr. Tonya Callahan.

(20)

At the time of the incident, Mr. Davis was a registered guest in his room at the Budgetel Inn and Suites.

(21)

Mr. Davis was not in a public place.

(22)

Mr. Davis did not commit any crime.

(23)

Mr. Davis had a reasonable expectation of privacy.

(24)

There were no drugs found at the scene.

(25)

Mr. Davis was in a post-ictal state.

(26)

Mr. Davis was not a threat to anyone.

(27)

Mr. Davis did not harm anyone.

(28)

Urine and blood specimens were taken from Mr. Davis at autopsy. The toxicology reports revealed the following regarding drugs that Mr. Davis may have ingested prior to the incident:

| | |
|---|---|
| Amphetamine: | Negative |
| Barbiturate: | Negative |
| Benzodiazepine: | Negative |
| Cocaine: | Negative |
| Opiate: | Negative |
| THC: | Negative |

Additional findings were listed for caffeine, nicotine, and the like. There was a positive finding for past, but not present use, of marijauna. There were no positive findings of toxicological significance.

### Violations of the DeKalb County Police Department Manual, Chapter 4-6.4, regarding the use of Electric Control Devises - Tasers.

(29)

There were no circumstance for which a Taser should have been used on Mr. Davis.

(30)

While there was no justifiable reason to have used a Taser on Mr. Davis, in any event, the officers' use of the Taser violated the DeKalb County Police Department Manual, Chapter 4-6.4, regarding the use of Electric Control Devises - Tasers, in several respects.

(31)

**Authorization:**

1. "Only officers who have completed the prescribed course of instruction on the use of the ECD will be authorized to carry the device."

(32)

Upon information and belief, the officers involved may not have completed the course of instruction on the use of the ECD.

(33)

**Prior to Deployment:**

2. "Prior to deployment, an officer's response level must be balanced against the seriousness of the incident."

(34)

This incident involved a man who may or may not have had a seizure and who may have been in a post-ictal state.  He was helpless.  It was not a serious incident relative to public safety, or to the safety of others.  Mr. Davis committed no crime.  He was not a threat to the public.  There were multiple officers present to secure Mr. Davis without the use of deadly force.

(35)

3. "An officer's decision to deploy the ECD shall involve an arrest or custodial situation..."

(36)

This incident did not involve an arrest or custodial situation.

(37)

4. "The ECD shall not be used as a tool of coercion to intimidate an individual into compliance with simple requests or directives by an officer."

(38)

The officers used the ECD to intimidate and coerce Mr. Davis into submission and compliance with their requests so they could restrain him with the use of handcuffs to a backboard regarding a medical situation.

(39)

5. "The primary purpose in the decision to deploy the ECD is to prevent a continuing escalation of the subject's resistance or violence and to minimize injury to both the officers and subject."

(40)

Mr. Davis was not escalating resistance nor was he violent. He simply did not want to be handcuffed and restrained to a backboard for medical transport. There was no imminent injury to the officers or Mr. Davis.

(41)

6. "An ECD can be used when the subject is exhibiting threatening body language such as 'blading the body', assuming a 'boxer' stance, circling or surrounding the officer, or moving the hands from open to closed, forming a fist, etc."

(42)

Mr. Davis did not exhibit any such described behavior.

(43)

7. "An ECD may be used when a subject makes overt, hostile, attacking movements with or without a weapon with the intent and apparent ability to cause death or great bodily harm to the officer or others."

(44)

Mr. Davis made no such overt, hostile, attacking movements, had no weapon, and had no ability to cause death or great bodily harm to the officers or others.

(45)

8.  "An ECD may be used when lesser force options may be ineffective."

(46)

At least eight, and possibly as many as 10 to 12 police officers were present. Mr. Davis could easily have been subdued, if necessary, by the police officers without the use of force, and especially without the use of an ECD.

(47)

**Deployment:**

9.  "When multiple officers are present and an ECD is to be used on a subject, **only one officer should deploy the ECD on the subject."**

(48)

Both Officer Cintron upon the order of Chief Kliesrath, and subsequently Officer Poythress, upon the order of Sgt. Gailes, deployed the Taser on Mr. Davis.

(49)

10.  "When possible, avoid extensive multiple discharges."

(50)

The officers discharged their Tasers on Mr. Davis six times, the last five of which were discharged repeatedly within the span of less than one minute.

(51)

11.  "Use of the Taser should be combined with physical restraint techniques to minimize the total duration of the struggle and Taser use.  **Every attempt should be made to take the subject into custody as quickly as possible after the initial deployment of the ECD in order to reduce the need for subsequent cycles of the ECD.  Officers should transition to a different force option if multiple Taser deployments fail to gain compliance.**"

(52)

Mr. Davis did not commit a crime, and he was not going to be taken into custody. Nevertheless, even if necessary, no reasonable attempt was made to take him into custody as quickly as possible after the initial deployment of the ECD in order to reduce the need for subsequent cycles of the ECD.  No alternate force option was deployed.

(53)

12.  "The officer should verbally warn the subject that he will be subjected to a 50,000 volt electrical charge if he does not comply."  No such warning was given to Mr. Davis.

(54)

DeKalb County, the DeKalb County Police Department, and the Defendant Police officers, acting individually and in their official capacity, violated the DeKalb County Police Department Manual, Chapter 4-6.4, regarding the use of Electric Control Devises - Tasers, as set forth in the twelve instances enumerated above.  Additional circumstances of violation of duty and for performance of discretionary acts with malice

or intent to injure will be added as discovery proceeds.

## Count One
## Wrongful Death of Audrecas D. Davis

### (55)

Plaintiffs re-allege and incorporate paragraphs (1) through (54) above as if fully set forth herein.

### (56)

The Defendant Police Officers violated Mr. Davis' Constitutional rights, as follows:

1.  Under color of office and without articulable reasonable suspicion or sufficient probable cause, the Defendant Police Officers improperly and unlawfully detained Mr. Davis.

2.  Under color of office, the Defendant Police Officers used objectively unreasonable and excessive force against Mr. Davis.

3.  Under color of office, the Defendant Police Officers acted to compel Mr. Davis to obey an unlawful command.

### (57)

The objectively unreasonable and excessive force used by the Defendant Police Officers rises to the level of deliberate indifference, and was the proximate cause of Mr. Davis' death.

(58)

Due to the collective violations of Mr. Davis' rights as described herein, Mr. Davis died as a result of being repeatedly subjected to excessive force by being Tased with six separate 50,000 volt electrical charges.

(59)

The Defendants' actions which caused Mr. Davis' wrongful death were ministerial acts negligently performed and/or acts performed with malice or an intent to injure; and/or discretionary acts performed with malice or an intent to injure.

(60)

The Defendants' actions demonstrate that entire want of care that would subject DeKalb County and the police officers to punitive damages.

(61)

The Defendants' conduct showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

## Count Two
## Personal Injuries to Audrecas D. Davis

(62)

Plaintiffs re-allege and incorporate paragraphs (1) through (54) and (56) through (61) above as if fully set forth herein.

(63)

The Defendant Police Officers violated Mr. Davis' Constitutional rights, as follows:

1.  Under color of office and without articulable reasonable suspicion or sufficient probable cause, the Defendant Police Officers improperly and unlawfully detained Mr. Davis.

2.  Under color of office, the Defendant Police Officers used objectively unreasonable and excessive force against Mr. Davis.

3.  Under color of office, the Defendant Police Officers acted to compel Mr. Davis to obey an unlawful command.

(64)

The objectively unreasonable and excessive force used by the Defendant Police Officers rises to the level of deliberate indifference, and was the proximate cause of Mr. Davis' personal injuries.

(65)

Mr. Davis suffered severe and painful injuries as a result of being repeatedly and wrongfully Tased by Defendants.

(66)

The Defendants' actions which caused personal injuries to Mr. Davis were ministerial acts negligently performed and/or acts performed with malice or an intent to injure; and/or discretionary acts performed with malice or an intent to injure.

(67)

The Defendants' actions demonstrate that entire want of care that would subject DeKalb County and the Defendant Police Officers to punitive damages.

(68)

The Defendants' conduct showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

### Count Three
### Violation of Audrecas D. Davis' Constitutional Rights

(69)

Plaintiffs re-allege and incorporate paragraphs (1) through (54), (56) through (61) and (63) through (68) above as if fully set forth herein.

(70)

The Defendant Police Officers violated Mr. Davis' Constitutional rights, as follows:

1. Under color of office and without articulable reasonable suspicion or sufficient probable cause, the Defendant Police Officers improperly and unlawfully detained Mr. Davis.

2. Under color of office, the Defendant Police Officers used objectively unreasonable and excessive force against Mr. Davis.

3. Under color of office, the Defendant Police Officers acted to compel Mr. Davis to obey an unlawful command.

(71)

The objectively unreasonable and excessive force used by the Defendant Police Officers rises to the level of deliberate indifference, and was the proximate cause of Mr. Davis' death.

(72)

The objectively unreasonable and excessive force used by the Defendant Police Officers rises to the level of deliberate indifference, and was the proximate cause of Mr. Davis' personal injuries.

(73)

The Defendants' actions demonstrate that entire want of care that would subject DeKalb County and the Defendant Police Officers to punitive damages.

(74)

The Defendants' conduct showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

## Count Four
## Funeral Expenses for Audrecas D. Davis

(75)

Plaintiffs re-allege and incorporate paragraphs (1) through (54), (56) through (61) (63) through (68) and (70) through (74) above as if fully set forth herein.

(76)

Defendants are liable for the payment of Audrecas D. Davis' funeral expenses incurred by Plaintiffs, in an amount that will be shown by the evidence at trial.

## Count Five
## Punitive Damages

(77)

Plaintiffs re-allege and incorporate paragraphs (1) through (54), (56) through (61), (63) through (68), (70) through (74) and (76) above as if fully set forth herein.

(78)

The Defendants' actions which caused Mr. Davis' wrongful death and personal injuries were ministerial acts negligently performed and/or acts performed with malice or an intent to injure; and/or discretionary acts performed with malice or an intent to injure, and demonstrate that entire want of care that would subject DeKalb County and the Defendant Police Officers to punitive damages.

(79)

The Defendant Police Officers' conduct showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

## Jury Demand

(80)

Plaintiffs demand a trial by jury as to all issues raised herein.

**WHEREFORE**, Plaintiffs, Estate of Audrecas D. Davis, By Jimmy Davis and Annie Davis, Co-Administrators; and Janiya Davis and Juquan Gaines, Minors, by and Through Their Parent and Conservator, Kelly Gaines, demand judgment against the Defendants, DeKalb County; Police Chief Frank Kliesrath, Individually and in his Official Capacity; Sgt. Bernard Gailes, Individually and in his Official Capacity; Officer Christopher Poythress, Individually and in his Official Capacity; Officer Keith Cintron, Individually and in his Official Capacity; Officer Adam Gibson, Individually and in his Official Capacity; Officer Marina Bailey, Individually and in her Official Capacity; Officer Kevin Jones, Individually and in his Official Capacity; Officer Christopher Delon, Individually and in his Official Capacity; and Officer Tonda Linsey, individually, jointly and severally as follows:

a) As to Count One, judgment against Defendants in an amount to be shown at trial for the wrongful death of Audrecas D. Davis, deceased;

b) As to Count One, judgment against Defendants for punitive damages in an amount to be determined by the enlightened conscious of the jurors acting under the sanctity of their oaths;

c) As to Count Two, judgment against Defendants in an amount to be shown at trial to compensate Audrecas D. Davis for his injuries, pain and suffering;

d) As to Count Two, judgment against Defendants for punitive damages in an amount to be determined by the enlightened conscious of the jurors acting under the sanctity of their oaths;

e) As to Count Three, judgment against Defendants in an amount to be shown at trial to compensate Audrecas D. Davis for the violation of his Constitutional rights,

resulting in his death and personal injuries;

f) As to Count Three, judgment against Defendants for punitive damages in an amount to be determined by the enlightened conscious of the jurors acting under the sanctity of their oaths;

g) As to Count Four, judgment against Defendants in an amount to be shown at trial for the payment of Audrecas D. Davis' funeral expenses;

h) As to Count Five, judgment against Defendants for punitive damages in an amount to be determined by the enlightened conscious of the jurors acting under the sanctity of their oaths;

i) That Plaintiffs have judgment against Defendants in an amount to be shown at trial for all attorneys' fees and expenses of litigation incurred by the Plaintiffs in the prosecution of this action;

j) That all costs be cast against the Defendants;

k) That Plaintiffs have a trial by jury as to all issues raised herein; and,

l) For all other and further relief that this Court deems just and proper under the circumstances in this case.


_____
Robert A. Moss
State Bar No. 526590
Attorney for Plaintiffs


MOSS & ROTHENBERG
1872 B Independence Square
Atlanta, Georgia 30338
(770) 351-0830

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

ESTATE OF AUDRECAS D. DAVIS,                      :
BY JIMMY DAVIS AND ANNIE DAVIS,                   :
CO- ADMINISTRATORS; and                           :
JANIYA DAVIS AND JUQUAN GAINES,                   :
MINORS, BY AND THROUGH THEIR                      :
PARENT AND CONSERVATOR, KELLY GAINES,             :

        PLAINTIFFS.                              :

        VS.                                      :   CIVIL ACTION
                                     :
DEKALB COUNTY, A POLITICAL SUBDIVISION            :
OF THE STATE OF GEORGIA; and                      :   FILE NO.: 11-A-35756-3
DEKALB COUNTY POLICE OFFICERS:                    :
POLICE CHIEF FRANK KLIESRATH,                     :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
SGT. BERNARD GAILES,                              :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
OFFICER CHRISTOPHER POYTHRESS,                    :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
OFFICER KEITH CINTRON,                            :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
OFFICER ADAM GIBSON,                              :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
OFFICER MARINA BAILEY,                            :
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;        :
OFFICER KEVIN JONES,                              :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;        :
OFFICER CHRISTOPHER DELON,                        :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,        :
OFFICER TONDA LINSEY, INDIVIDUALLY                :

        DEFENDANTS.                              :

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing:

**Plaintiffs' Supplemental and Amended Complaint** upon all interested parties by

United States Mail with proper postage to:

Terri N. Gordon
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, Georgia   30030

This _____ day of November, 2011

Robert A. Moss
State Bar No. 526590
Attorney for Plaintiffs

MOSS & ROTHENBERG
1872 B Independence Square
Atlanta, Georgia 30338
770-351-0830

# Exhibit A-69

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

ESTATE OF AUDRECAS D. DAVIS,          :
BY JIMMY DAVIS AND ANNIE DAVIS,       :
CO- ADMINISTRATORS; and               :
JANIYA DAVIS AND JUQUAN GAINES,       :
MINORS, BY AND THROUGH THEIR          :
PARENT AND CONSERVATOR, KELLY GAINES, :
                                      :
     PLAINTIFFS.                      :
                                      :
     VS.                              :   CIVIL ACTION
                                      :
DEKALB COUNTY, A POLITICAL SUBDIVISION :
OF THE STATE OF GEORGIA; and          :   FILE NO.: 11-A-35756-3
DEKALB COUNTY POLICE OFFICERS:        :
POLICE CHIEF FRANK KLIESRATH,         :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
SGT. BERNARD GAILES,                  :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
OFFICER CHRISTOPHER POYTHRESS,        :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
OFFICER KEITH CINTRON,                :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
OFFICER ADAM GIBSON,                  :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
OFFICER MARINA BAILEY,                :
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; :
OFFICER KEVIN JONES,                  :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; :
OFFICER CHRISTOPHER DELON,            :
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, :
OFFICER TONDA LINSEY, INDIVIDUALLY    :
                                      :
     DEFENDANTS.                      :

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing:

**Plaintiffs' Supplemental Answer to Defendant's First Interrogatories** upon all

interested parties by United States Mail with proper postage to:

Terri N. Gordon
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, Georgia   30030

This _____ day of November, 2011

Robert A. Moss
State Bar No. 526590
Attorney for Plaintiffs

MOSS & ROTHENBERG
1872 B Independence Square
Atlanta, Georgia 30338
770-351-0830