IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESTATE OF AUDRECAS D. DAVIS, JANIYA DAVIS, and JUQUAN GAINES, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| DEKALB COUNTY, et al., | ) ) |
| Defendants. | ) ) |

CIVIL ACTION FILE

NUMBER 1:13-cv-1321-TCB

# **O R D E R**

On May 9, 2010, what started as a response to a 9-1-1 call regarding Audrecas Davis having a seizure in his hotel room ended with his unfortunate death. On March 16, 2011, Plaintiffs, who include Davis's estate and his two surviving children, filed this case in the State Court of DeKalb County, claiming that Davis's death was a result of being repeatedly shot with a Taser gun by DeKalb County police officers. Plaintiffs' original complaint asserted only state-law claims; however, on November 14, 2011, Plaintiffs amended their complaint to add a claim for constitutional

violations. Nearly a year-and-a-half later, on April 22, 2013, Defendants removed the action to this Court on the basis of federal-question jurisdiction. The matter is before the Court on Plaintiffs' motion to remand the case due to the untimeliness of Defendants' removal [9].

I.   Background

Plaintiffs allege the following in their complaint. On May 9, 2010, DeKalb County rescue services responded to a 9-1-1 call placed at 3:13 p.m. The caller, who is not identified in the complaint, stated that Davis was unable to "get up or talk" and was "shaking really bad." When emergency responders entered Davis's hotel room, they found him lying on the floor unresponsive with an off-white frothy substance around his mouth and nose. They awakened him and attempted to restrain him to a backboard in order to treat him. Davis resisted. As a result, they contacted the DeKalb County police for assistance.

A total of eight officers arrived on the scene. One of the officers ordered another to shoot Davis with a Taser gun. Davis succumbed to the gun's shock, was given a dose of valium by a paramedic, and was taken to the stretcher. At that point, one of the officers attempted to hand-cuff Davis to the stretcher. Davis resisted; the officers shot him with the Taser

gun a second and then a third time.  Davis yelled, "Okay, Okay," but was nevertheless shot another three times by the Taser gun.

As Davis lay on the ground, a paramedic administered another dose of valium.  As responders loaded him into the ambulance, they noted that Davis was unresponsive.  Before the ambulance ever reached the hospital, Davis's heart had stopped beating.  He was pronounced dead at 4:45 p.m.

On March 16, 2011, Plaintiffs filed this action, asserting claims for wrongful death, personal injuries, funeral expenses and punitive damages.  The Defendants include the County and the police officers involved in the incident.

On July 22, Defendants filed a motion to dismiss, arguing that Plaintiffs' claims were barred by sovereign immunity.  On November 2, the state court issued an order agreeing with Defendants that Plaintiffs' state-law claims against the County and the police officers in their official capacities were barred by sovereign immunity.  Within its order, the state court specifically noted that although Plaintiffs had asserted in their brief in response to Defendants' motion that the police had violated Davis's "Fourth Amendment rights through their use of excessive force in an unwarranted seizure," Plaintiffs' complaint did not include a § 1983 claim.  Within the

same order, the court ruled on Plaintiffs' pending motion to add parties. The court held that Plaintiffs could add two police officers as Defendants, but held that "[i]n light of the Court's decision on Defendants' Motion to Dismiss, the parties cannot be added in their official capacities."

On November 14, 2011, Plaintiffs amended their complaint to add a claim for "violation of constitutional rights," alleging that "[u]nder color of office and without reasonable suspicion or sufficient probable cause, the Defendant police officers improperly and unlawfully detained Mr. Davis" and "used objectively unreasonable and excessive force against [him]." Plaintiffs asserted this claim against the County and all of the police officers in their official as well as individual capacities.

On June 27, 2012, Defendants filed a motion for summary judgment. In their response brief in opposition to Defendants' motion, Plaintiffs argued that Defendants were not entitled to summary judgment on Plaintiffs' claims under § 1983 because Defendants failed to raise any arguments regarding those claims in their brief. On April 12, 2013, the state court issued an order on Defendants' motion, in which the court noted that Plaintiffs' amended complaint "did not explicitly reference 42 U.S.C. § 1983, but in oral argument before the court and the July 11, 2012, pre-trial

conference Plaintiffs made clear that the amended complaint was intended to raise claims under 42 U.S.C. § 1983." The court therefore allowed Defendants ten days in which they could inform the court whether they intended to file a supplemental motion addressing Plaintiffs' § 1983 claims.

On April 22, Defendants removed the case to this Court, contending that the state court's April 12 order made clear that this action includes a federal question and thus is removable. Plaintiffs subsequently filed a motion to remand. They contend that Defendants' removal is untimely because Defendants had notice on November 14, 2011—the day Plaintiffs filed their amended complaint—that their claim of "violation of constitutional rights" was intended to assert a claim under 42 U.S.C. § 1983. Defendants respond that because the amended complaint failed to specifically cite the Fourth Amendment or § 1983, the first notice they had that the complaint was removable due to the inclusion of a federal question was the state court's April 22 order.

II.   Discussion

A.   Legal Standard

The party seeking removal must present facts establishing its right to remove and has the burden of proving that federal jurisdiction exists by a

5

preponderance of the evidence. *See, e.g., Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 390 (N.D. Ga. 1983). When the defendant fails to do so, the case must be remanded. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1321 (11th Cir. 2001).

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### B.    Analysis

The parties agree that the complaint includes a federal question; thus, the basis for removal pursuant to 28 U.S.C. § 1331 is not at issue. Instead, it is Plaintiffs' position that Defendants' removal is untimely under 28 U.S.C. § 1446 because Defendants filed their notice of removal more than thirty days after Defendants knew that the action was removable.

Pursuant to U.S.C. § 1446(b)(3), a defendant may remove an action that was not initially removable if the action later becomes removable. That statute provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

According to the statute's plain language, the defendant must file a notice of removal within thirty days of when he first ascertains that the action is removable. *Id.* And as the statute indicates, a defendant may be put on notice of removal by a pleading, motion, order or "other paper." *Id.*

Plaintiffs contend that Defendants' removal is untimely because Defendants failed to remove this action within thirty days of the filing of Plaintiffs' amended complaint. Defendants respond that because Plaintiffs' amended complaint contained no explicit reference to the Fourth Amendment or § 1983, it provided no notice of removability. According to Defendants, "[i]t is impossible and unrealistic to assume that a defendant could glean a § 1983 claim from a general statement that plaintiff's constitutional rights were violated."

While Defendants' contention might be true generally, it is not here. Looking to the procedural posture of this case, it is clear that Defendants had notice that this action was removable long before the state court's April 22 order.

First, the filing of Plaintiffs' amended complaint put Defendants on notice of removability. On November 2, 2011, the state court issued an order dismissing Plaintiffs' claims against the County and the police officers in their official capacities, finding that any state-law claims against them were barred by sovereign immunity. In a footnote, the court pointed out that Plaintiffs' complaint did not include a violation of Davis's Fourth Amendment rights due to the officers' use of excessive force.

Nine days after the court's order, Plaintiffs amended their complaint to add a claim for "violation of constitutional rights." Rather than merely containing a "general statement that plaintiff's constitutional rights were violated," as Defendants contend, Plaintiffs specifically alleged that the officers, acting "under color of office," used "excessive force" against Davis. Plaintiffs asserted this claim against the County and the officers in their official capacities. In light of the court's November 2 holding that any state-law claims against the County and the officers in their official capacities

were barred by sovereign immunity, it would have been futile for Plaintiffs to attempt to assert any additional state-law claims against the County and the police officers in their official capacities.  The court's instruction to Plaintiffs regarding their motion to add parties further reinforces this deduction.  The court specifically informed Plaintiffs that based on its holding that no state-law claims could be asserted against the officers in their official capacities, Plaintiffs were prohibited from asserting claims against additional officers in their official capacities.  The only logical explanation for Plaintiffs amending their complaint anyway to add claims against the officers in their official capacities is that Plaintiffs intended to assert federal-law claims, i.e., claims not barred by state sovereign immunity.  The procedural posture therefore plainly indicates that Plaintiffs raised claims under § 1983 that the officers acted in violation of Davis's Fourth Amendment rights in their amended complaint.

    Second, even if the amended complaint did not sufficiently alert Defendants of the existence of federal question jurisdiction, Defendants were aware of removability based on proceedings before the court prior to the April 22 order.  As noted in that order, Plaintiffs' amended complaint "did not explicitly reference 42 U.S.C. § 1983, but in oral argument before

the court and the July 11, 2012, pre-trial conference Plaintiffs made clear that the amended complaint was intended to raise claims under 42 U.S.C. § 1983."

While § 1446 requires that notice be in the form of "a copy of an amended pleading, motion, order or other paper," i.e., a document, courts have consistently found one limited exception to this rule: "a renewed period of removability can be triggered by oral statements made in the courtroom during the course of the action." CHARLES ALLEN WRIGHT, ET AL., 14C FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2009).  Here, the court's order indicates that on two occasions Plaintiffs stated in court that they were asserting § 1983 claims.  The court cites the date of only one occasion: July 11, 2012.  Thus, even assuming that the amended complaint itself did not provide notice and that the "oral argument" referenced by the court occurred after the July 11 pretrial conference, Defendants should have removed this case within thirty days of July 11, 2012—at the latest.  Their removal in April 2013 was therefore untimely pursuant to § 1446(b)(3).

Accordingly, the Court will remand this action to state court.

III. Conclusion

For the reasons set forth above, Plaintiffs' motion for remand is GRANTED [9]. The Clerk is DIRECTED to REMAND this action to the State Court of DeKalb County and CLOSE this case.

IT IS SO ORDERED this 3rd day of July, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge